**In re the MARRIAGE OF Dennis Jay GRABILL and Christine Louise Grabill.**

**Upon the Petition of Dennis Jay Grabill, Petitioner-Appellant,**

**And Concerning Christine Louise Grabill, Respondent-Appellee.**

No. 86–1652.

Court of Appeals of Iowa.

Aug. 26, 1987.

Ken Sojka of Buckley & Sojka, Harlan, for petitioner-appellant.

Edward W. Bjornstad, Harlan, for respondent-appellee.

Considered by DONIELSON, P.J., and SNELL and HAYDEN, JJ.

DONIELSON, Presiding Judge.

The petitioner father appeals from the district court action which denied his application for modification of his dissolution decree. The father asserts that the district court erred by: (1) not finding a substantial change of circumstances which supported a transfer of physical custody to the father; (2) finding a substantial change in circumstances which justified an increase in child support; (3) awarding attorney's fees to the mother; (4) denying the father's re-

quest for joint custody; and (5) failing to grant the paternal grandparents visitation rights. The paternal grandparents filed a separate petition seeking specific visitation rights, and this was joined for trial with the father's application. We modify the trial court's decree.

The petitioner, Dennis Jay Grabill, and the respondent, Christine Louise Grabill, were married in 1974. They have two minor children: Daniel, born 1979, and Sarah, born 1981. The parties were granted a dissolution of marriage in 1984. The trial court awarded custody of the children to Christine. Dennis has since remarried a woman who has custody of two children by a previous marriage. Dennis is a farmer. Christine is a teacher. Both parties live at Harlan, Iowa.

Our scope of review is de novo. Iowa R.App.P. 4. We give weight to the trial court's findings of fact, especially when considering the credibility of witnesses, but we are not bound by them. Iowa R.App.P. 14(f)(7). Prior cases have little precedential value, and we must base our decision primarily on the particular circumstances of the parties in this case. *In re Marriage of Weidner*, 338 N.W.2d 351, 356 (Iowa 1983). Our paramount consideration in determining custody is the best interests of the children. *Id.*

In considering a modification of an initial award of custody, the court looks for a material and substantial change in the circumstances. *In re Marriage of Dethrow*, 357 N.W.2d 44, 45 (Iowa App. 1984). Our focus is on the long-range best interests of the children. *In re Marriage of Zabecki*, 389 N.W.2d 396, 398 (Iowa 1986). The burden of proof is on the noncustodial parent to prove not just an equal parenting ability, but a superior claim. *In re Marriage of Gonzales*, 373 N.W.2d 152, 154 (Iowa App.1985).

Dennis contends that there has been a substantial change of circumstances to support a transfer of physical custody of the children from Christine to Dennis. He claims that (1) he has trouble getting visitation; (2) Christine has failed to attend to the medical and physical needs of the children; (3) he is not included in any of the major decisions concerning the children's welfare; (4) the children have expressed their preference to live with their father; (5) his remarriage will provide a more stable and secure environment for the children; and (6) Christine is contemplating moving to Colorado.

In reviewing the record in this case, we find that Dennis has met his burden in proving that there has been a material and substantial change in the circumstances to warrant modification of the decree to give physical custody of the children to him. We base this finding on the following discussion.

Iowa Code section 598.41(1) (1985) provides that the court shall consider one parent's denial of the other parent's maximum continuing contact with the children, without cause, a significant factor in determining the proper custody arrangement. In reviewing the transcript, we find that Christine was less than cooperative in letting Dennis exercise visitation with the children. She acknowledged that Dennis called her frequently concerning the children, expressing his desire to see them. She testified she felt his calls were irritating, without stating why she felt that way. She admitted to hanging up on Dennis when he requested visitation. There was no evidence that Dennis's calls were too frequent or that they included rude comments. We therefore can find no justification for Christine's actions in making it difficult for Dennis to exercise his visitation rights with the children. There is further evidence that Christine denied visitation to Dennis so that her boyfriend or her baby-sitter would be able to see the children instead. Christine also admitted that there were occasions when Dennis did exercise visitation that she would refuse to send appropriate clothing along with the children until she realized she was only hurting the children.

Dennis has remarried a woman named Sandy. It appears that Dennis's argument is not that his remarriage itself constitutes a substantial change in circumstances, but

that the conditions surrounding the new relationship warrant a modification. We agree. Dennis's home offers much more to the children in the way of family support. The record reveals that the children very much enjoy spending time on their father's farm. They have a good relationship with Sandy's two children. Sandy cares very much for David and Sarah, and her relationship with them appears to be a very loving one. Kate Kohorst, who was the children's attorney at one time, testified that she felt the children's best interests would be served by placing custody of them with Dennis. She based her opinion on observing the children alone in each environment and concluded the children appeared happiest with their father on the farm. A clinical psychologist (who also is on the Harlan School Board where Christine works) felt that the children should be placed with Dennis. He based this on his observations and discussion with the children in a neutral setting without either Dennis or Christine present. He was also familiar with both parties through their association with him during counseling sessions. A social worker from the Department of Human Services did a thorough home study on Dennis and Christine which included statements from various people commenting on Dennis and Christine's parenting qualities. Dennis's thirteen references were replete with very positive remarks about him and his abilities as a parent. Many of these thirteen references knew both Christine and Dennis. Christine's nine references, of course, felt that she should be awarded custody. However, we note that none of these nine references mentioned knowing Dennis also. We also note that Daniel expressed preference to the social worker to live with his father. We realize a child's preference at such an early age is not to be given much weight. However, it is a factor which cannot be ignored. Sarah expressed ambivalence as to where she preferred to live.

Christine's testimony and answers to interrogatories indicate she has made numerous employment applications in Colorado, where she has stated she would like to move. While we recognize moving out of state is not uncommon and is not in itself reason to change custody, we feel it is a factor to consider in determining which environment will provide the most stability and security to the children. By awarding custody of the children to Dennis, the children will stay in the same school system. They will be close to their relatives. The evidence shows they enjoy being on the farm.

Dennis requests that joint legal custody of the children be granted, regardless who retains physical custody of the children. Christine testified at trial that if Dennis should be awarded the physical custody of the children, she wanted to share in the major decisions affecting the children. However, her brief recites that joint custody would not be warranted because the parties cannot communicate with each other.

Iowa Code section 598.21(6) (1985) permits joint custody. Iowa Code section 598.41(3) (1985) outlines the criteria used in consideration of applications for joint custody. Based on our review of these factors, we determine that joint legal custody of the children should be granted to Dennis and Christine.

Therefore, based on the foregoing discussion, we find that the children's long-term best interests would be best served by placing physical custody of them with their father. We find there has been a substantial change of circumstances not contemplated by the trial court at the time the original decree was entered and, accordingly, modify the decree to award physical custody of Daniel and Sarah to Dennis and joint legal custody to both Dennis and Christine.

Each party is to pay his or her own attorney fees. Because of our ruling, we need not address Dennis's other claims.

AFFIRMED AS MODIFIED.