In re the MARRIAGE OF Christine DOWNING and Michael Downing.

Upon the Petition of

Christine Downing,
Petitioner--Appellant,

And Concerning Michael Downing,
Respondent--Appellee.

No. 87--1520.

Court of Appeals of Iowa.

Sept. 28, 1988.

As Corrected Feb. 7, 1989.

Timothy W. Shuminsky of Shuminsky, Shuminsky & Molstad, Sioux City, for petitioner-appellant.

Gene A. Wickey and Gregg E. Williams of Eidsmoe, Heidman, Redmond, Fredregill, Patterson & Schatz, Sioux City, for respondent-appellee.

Considered by HAYDEN, P.J., and SACKETT and HABHAB, JJ.

HAYDEN, Judge.

Christine Downing a.k.a. Christine Olson, appeals from the modification of a dissolution decree transferring physical custody to the children's father, Michael Downing. Christine asserts the trial court's decision should be reversed because Michael has failed to show a substantial change in circumstances. For the reasons set out below, we affirm the decision of the district court.

## I.

Christine and Michael live in Sioux City. They are the parents of two minor daughters, Courtney and Alyssa. Courtney has both physical and mental handicaps; she has received radiation therapy for cancer and now suffers from a thyroid deficiency that requires close medical attention. A dissolution decree in 1981 gave sole custody of the children to Christine. In 1984 the parties agreed to modify the decree to allow joint custody, and the children subsequently lived with Michael while Christine pursued her nursing degree. Both parties have remarried.

In 1987 Christine petitioned to move the children to Wisconsin where she was offered a nursing job which represented professional advancement. Michael resisted the move and filed a modification of physical custody, seeking transfer of the children's care. After trial the district court granted primary care to Michael and ordered Christine to pay $100 per week child support. It is from this order which Christine now appeals.

## II.

In support of her argument that no substantial change of circumstances has occurred to warrant disturbing the original decree, Christine argues no evidence was advanced showing Michael's superior parenting ability. She alleges the evidence that Michael has not kept up the child support payments and has failed to pay medical insurance for the children, shows that Michael does not have better parenting skills. Christine particularly challenges the trial court for separating her from Courtney, who, has come to rely on her for support during her medical difficulties.

Michael responds: (1) both children have expressed a preference to live with him; (2) removing Courtney from her special education program in Sioux City would disrupt her stability; and (3) the trial court correctly found Christine's attempts to alienate the children from their father warrants a change in custody.

Our scope of review is de novo. Iowa R.App.P. 4. We give weight to the fact findings of the trial court, especially when considering credibility of witnesses but we are not bound by them. Iowa R.App.P. 14(f)(7). Prior cases have little precedential value, and we must base our decision primarily on the particular circumstances of the parties in each case. *In re Marriage of Weidner*, 338 N.W.2d 351, 356 (Iowa 1983).

## III.

Despite our understanding precedent has little value in child custody determinations, we note our review is guided by a number of well-founded legal principles. Our paramount consideration in determining custody is the best interests of the children. *In re Marriage of Weidner*, 338 N.W.2d at 356. The moving party in a modification action carries a heavy burden when seeking a change in custodial provisions of a dissolution decree. This burden stems from the principle that once custody of children has been fixed, it should be disturbed only for the most cogent reasons. *In re Marriage of Mikelson*, 299 N.W.2d 670, 671 (Iowa 1980).

As the Iowa Supreme Court, in *In re Marriage of Frederici*, 338 N.W.2d 156, 158 (Iowa 1983), stated:

To change a custodial provision of a dissolution decree, the applying party must establish by a preponderance of evidence that conditions since the decree was entered have so materially and substantially changed that the children's best interests make it expedient to make the requested change. The changed circumstances must not have been contemplated by the court when the decree was entered, and they must be more or less permanent, not temporary. They must relate to the welfare of the children. The party seeking to take custody from the other must prove an ability to minister more effectively to the children's well being.

Our de novo review convinces us that we must affirm the decision of the trial court. We base our determination on three grounds.

■ 1. *Substantial Change in Circumstances.* Iowa Code chapter 598.41(1) states:

The court shall consider the denial by one parent of the child's opportunity for maximum continuing contact with the other parent, without just cause, a significant factor in determining the proper custody arrangements. Unless otherwise ordered by the court in the custody decree, both parents shall have legal access to information concerning the child, including but not limited to medical, educational and law enforcement records.

In addition, this court has held the custodial parent's lack of cooperation with the noncustodial parent's efforts to maintain satisfactory visitation and communication with the children evidenced a substantial change in circumstances warranting a modification of the dissolution decree. *In re Marriage of Grabill,* 414 N.W.2d 852, 853 (Iowa App. 1987).

The trial court found, and we agree, Christine Downing has attempted to deal with frustrations she has with Michael Downing by attempting to drive a wedge between her daughters and their father. She has denied visitation as well as information regarding the children's health. Appellant argues the problems the parties face now are no different than the problems which they experienced at the time of the original decree, thus the original decree contemplated these circumstances. We reject this argument. When entering the original decree, the court no doubt understood certain natural animosities exist during a divorce, however it strains credulity to believe the trial court did not contemplate the parties, mature adults, overcoming these feelings to concentrate on the best interests of their daughters. Because we believe the present circumstances were not contemplated by the court when the decree was entered, our inquiry now shifts to whether Michael has shown an ability to more effectively minister to his daughter's well-being.

■ 2. *Cooperation Between Parents.* As noted above, the Code provides the court shall consider denial by one parent of the child's opportunity for maximum continuing contact with the other parent, without just cause, a significant factor in determining the proper custody arrangement. Iowa Code § 598.41(1) (1987). This statute registers the legislature's belief that relationships between children and their custodial and noncustodial parents are essential for that child's well being. Thus, it is our duty to see Courtney and Alyssa are placed where a satisfactory relationship between them and both parents will most likely be accomplished.

The trial court found, and we agree, this relationship could best be advanced if physical custody is given to Michael. The district court found Christine had made "unjustifiable attempts to prevent the continuation and development of a full and beneficial relationship between Courtney and Alyssa, and Michael." The trial court's finding is supported by the record. On numerous occasions Christine intercepted mail sent to the children by Michael and did not allow them to keep gifts from their father. Christine also interfered with Michael's visitation rights without just cause on a number of occasions and went as far as removing the telephone from the house when she left the children alone so they would not call their father or grandparents.

She did this with knowledge that Courtney's physical problems could lend to emergency situations where access to a phone could be essential. It is clear Christine has not been able to effectively deal with Michael and the children have been caught in the middle. From this record, it appears Michael is more willing and able to aid his daughters in developing a strong relationship with both parents than is Christine.

■ 3. *Stable and Secure Environment.* Our final analysis addresses Christine's planned move to Wisconsin. The Code mandates we take into consideration possible changes in residence of the parties and its impact on the physical, educational, and emotional needs of the children. Iowa Code § 598.21(8) (1987). A move by one parent to another state is not dispositive, but simply one factor to be considered by this court. Here we must view the move in light of the best interests of the children. The record shows because of Courtney's physical and mental handicaps, she is in need of secure and stable educational environment. Evidence indicates Courtney is progressing nicely in a special program in Sioux City. The trial court found, and we agree, continuity in educational programs is important to Courtney's special needs. In addition, Michael and his wife, Linda, can provide a secure and stable home environment. We note while remarriage itself does not constitute a substantial change in circumstances, the new relationship can and should be considered by the court. *In re Marriage of Grabill*, 414 N.W.2d at 854. Testimony reveals Linda enjoys a mutual loving relationship with Courtney and Alyssa, one that should insure a healthy and secure environment for the children.

Our review leads us to the conclusion that at the present time and in the foreseeable future, Michael is more able to minister effectively to the children's well being.

AFFIRMED.