In re the **MARRIAGE OF Gerald WEDEMEYER and Synthea Maas**

**Upon the Petition of**

**Gerald Wedemeyer, Appellee,**

**and Concerning Synthea Maas, Appellant.**

**No. 90–1543.**

Court of Appeals of Iowa.

Aug. 27, 1991.

Lylea Dodson Critelli of Nick Critelli Associates, P.C., and Karla J. Fultz, Des Moines, for appellant.

Steven H. Shindler of Smith, Schneider, Stiles, Mumford, Schrage, Zurek, Wimer & Hudson, P.C., Des Moines, for appellee.

Considered by OXBERGER, C.J., and DONIELSON and HAYDEN, JJ.

HAYDEN, Judge.

Respondent, Synthea Maas, appeals the modification of a dissolution decree. The modification transferred custody of the parties' three minor children to the children's father, Gerald Wedemeyer. Synthea asserts the trial court's decision should be reversed because Gerald has failed to show a substantial change in circumstances. We affirm the decision of the district court.

Gerald and Synthea Wedemeyer were married in 1976. Both parties obtained doctorate degrees during the marriage. Between 1976 and 1979, three sons were born.

On May 24, 1989, the marriage was dissolved. The trial court determined both parents possessed adequate child rearing skills and loved their children. Synthea, however, had engaged in a destructive course of conduct by involving the children in family disputes and by attempting to make Gerald appear to the children in an unfavorable light. The inappropriateness of her behavior was evidenced, in part, by a psychologist's custody evaluation report. In the psychologist's opinion, the best interests of the children would be served by placing them in Gerald's custody.

The trial court determined, however, Synthea's destructive course of conduct had ceased. In addition, Synthea assured the court her improved behavior with Gerald and the children would continue. Thus, joint legal custody was granted with Synthea having physical custody of the children and Gerald having visitation. The trial court specifically concluded, however, if Synthea was unable to continue her improved course of conduct, the court's custody decision should be reversed.

Since the divorce, Gerald married Jackie McKinzie. Jackie has a thirteen-year-old daughter who resides with Gerald and Jackie.

The evidence is overwhelming that following the dissolution, Synthea did not refrain from further attacks on Gerald, which often occurred in the presence of the children. In fact, Synthea's vindictiveness and her attacks increased in frequency. For example, Synthea began sending Gerald and the children letters in which she alleged Gerald was insane, he had sexual problems, and he should not be trusted. She repeatedly told the children Gerald committed incest, engaged in sexual relations with animals, and was a sexual addict. Synthea spied on Gerald and Jackie in their home and attempted to photograph them as they undressed. She stole mail out of Gerald and Jackie's mailbox, entered their home without permission, and removed papers from Gerald's car. In addition, Synthea enlisted the assistance of her children to obtain information from Gerald.

Despite these incidents, the children continue to do well, except one child has been consuming beer and smoking cigarettes.

At the modification proceeding, the same psychologist who performed the original custody investigation in the dissolution action recommended Gerald be the sole custodian of the children. The trial court found Synthea's determination to destroy the relationship between Gerald and the children was detrimental to their best interests. Because there had been a material change in circumstances, the trial court modified the original decree and granted sole custody of the children to Gerald. Synthea was allowed visitation only if she produced a signed statement providing during her periods of visitation she would refrain from any negative comments to or about Gerald and Jackie in the presence of the children.

On appeal, Synthea claims her conduct since the original decree is not a permanent and material change in circumstances to justify the court's modification of custody. In addition, although her conduct has disrupted Gerald's life, Synthea argues the children have not suffered as a result of her unorthodox behavior.

Our supreme court has set out the pertinent standard for modification of custody:

> To change a custodial provision of a dissolution decree, the applying party must establish by a preponderance of evidence that conditions since the decree was entered have so materially and substantially changed that the children's best interests make it expedient to make the requested change. The changed circumstances must not have been contemplated by the court when the decree was entered, and they must be more or less permanent, not temporary. They must relate to the welfare of the children. A parent seeking to take custody from the other must prove an ability to minister more effectively to the children's well being. The heavy burden upon a party seeking to modify custody stems from the principle that once custody of children has been fixed it should be disturbed only for the most cogent reasons.

*In re Marriage of Frederici*, 338 N.W.2d 156, 158 (Iowa 1983) (citing *In re Marriage of Mikelson*, 299 N.W.2d 670, 671 (Iowa 1980)).

■ Our paramount consideration in determining custody is the best interests of the children. *In re Marriage of Weidner*, 338 N.W.2d 351, 356 (Iowa 1983). Iowa Code section 598.41 (1989) lists a number of factors to guide the court in child custody determinations. These factors emphasize the importance of the child's physical and emotional contacts with both parents. One of the statutory factors directs the trial court to consider whether each parent can support the other parent's relationship with the child. Iowa Code § 598.41(3)(e).

■ The trial court found, and we agree, Synthea failed to keep her promise to refrain from inappropriate parenting activities. Clearly her conduct does not promote the children's relationship with their father. In fact, the opposite is true. Since the dissolution, Synthea's behavior has escalated to the point of an obsession. Her flagrant and continuing destructive conduct has interfered with the children's association with Gerald. She has entangled the children in her campaign against Gerald by writing letters and sending literature to the children informing them their father is an insane sex addict who masturbates and performs sexual acts with animals. Because of this correspondence, Gerald has frequently been forced to defend himself against such charges by the children. Synthea instructed the children to avoid emulating their father or they would likewise become sex addicts. She also enrolled the children into counseling sessions as co-dependents of sex addicts without consulting Gerald. On numerous occasions Synthea pressured the children to spy on Gerald and to obtain information about him.

Such conduct since the dissolution sufficiently establishes a material change of circumstances to justify a change in custody. We agree with the trial court's finding if Synthea's behavior has not already adversely affected the children, it will in the future. Her mental disturbance prevents her from acting in the best interests of the children.

Two recent cases support the trial court's modification order. In *In re Marriage of Udelhofen*, 444 N.W.2d 473 (Iowa 1989), and *In re Marriage of Downing*, 432 N.W.2d 692 (Iowa App.1989), physical custody of the children was transferred to the fathers due to the mothers' inappropriate and destructive conduct of using the children as pawns in their personal battles against the fathers. The supreme court in *Udelhofen* commented, "[E]ven accepting [the mother's] explanations, apology, and pledge [to cooperate in the future, her conduct] remains outrageous and reflects adversely on her qualifications to be the custodial parent." *Udelhofen*, 444 N.W.2d at 476.

■ Because we believe the present circumstances were not contemplated by the court when the decree was entered, our

inquiry now turns to whether Gerald has shown an ability to more effectively minister to the children's well-being. We agree with the trial court this relationship can best be advanced if custody is given to Gerald. He is a successful person who has good relationships with others and leads a productive life. Gerald had made attempts to improve his parenting skills and to foster his relationship with the children. This record reveals Gerald is more willing and able to assist the children to develop a strong relationship with both parents than is Synthea.

We affirm the trial court in all respects.

Costs of appeal are taxed to Synthea.

AFFIRMED.