**In re the MARRIAGE OF William
D. SHANKLIN and Jeanene
M. Shanklin.**

**Upon the Petition of William
D. Shanklin, Appellee,**

**And Concerning Jeanene M.
Shanklin, Appellant.**

**No. 91–857.**

Court of Appeals of Iowa.

March 24, 1992.

Donald L. Carr, II of Scalise, Scism, Sandre, McConville, Miller, Holliday, Schwarz, Carr & Renzo, Des Moines, for appellant.

Stephen B. Jackson, Cedar Rapids, for appellee.

Considered by DONIELSON, P.J., and SCHLEGEL and HAYDEN, JJ.

HAYDEN, Judge.

William and Jeanene Shanklin were married in 1985. They have one child, a son born in April 1986.

Both parties have been employed by Rockwell International for several years. William is a financial manager whose net income is $2226.16 per month. Jeanene's net income is $1458.32 per month.

The marriage was dissolved on May 7, 1991. The district court placed the parties' son in joint legal custody and in William's primary physical care. Jeanene was awarded visitation and directed to pay child support of $328.12 per month.

Jeanene appeals from the dissolution decree. She contends the child should be placed in her primary physical care. If this is done, she asks this court to specify William's visitation schedule and child support obligation. Jeanene also contends the district court should have awarded her attorney's fees.

■ Our review in this matter is de novo. Iowa R.App.P. 4. In child custody cases, the best interests of the child is the first and governing consideration. The factors the court considers in awarding custody are enumerated in Iowa Code section 598.41(3), and in *In re Marriage of Weidner,* 338 N.W.2d 351, 356 (Iowa 1983), and *In re Marriage of Winter,* 223 N.W.2d 165, 166–67 (Iowa 1974). All factors bear on the "first and governing consideration," the court's determination of what will be in the long-term best interests of the child. *In re Marriage of Vrban,* 359 N.W.2d 420, 424 (Iowa 1984). The critical issue in determining the best interests of the child is which parent will do better in raising the child; gender is irrelevant, and neither parent should have a greater burden than the other in attempting to gain custody in a dissolution proceeding. *In re Marriage of Ullerich,* 367 N.W.2d 297, 299 (Iowa App. 1985).

■ There is ample evidence in the record indicating both parties are quite capable of attending to the child's day-to-day needs. After a thorough review of the record, however, we determine the child's long-term best interests will be served if primary physical care of the child is placed with William.

In reaching our decision we must consider which parent will encourage the most contact between the noncustodial parent and the child. It appears William is best suited to encourage this important contact. He has made a concerted effort to develop a cooperative coparenting relationship with Jeanene.

In comparison, Jeanene has been unable to effectively deal with her anger towards William. She has restricted William's visitation and interfered with his relationship with the child in the past. In 1990 she was held in contempt of court for denying court-ordered visitation to William. Her inflexibility concerning visitation issues continued to persist until the time of trial. Jeanene has been reluctant to communicate with William regarding the child, and she has refused to supply William with her telephone number. On several occasions Jeanene has accused William of abusing the child. The most recent accusation occurred the day before trial. The abuse reports which were investigated by the Department of Human Services were determined unfounded.

The denial by one parent of continuing contact with the other, without just cause, is a significant factor in determining custody. Iowa Code § 598.41(1) (1991). We are concerned, as was the trial court, if the child is placed in Jeanene's primary physical care she will not foster meaningful contact between the child and William. Therefore, we affirm the trial court's decision to place primary physical care of the child with William. In light of our holding, we do not reach Jeanene's request to change the visitation schedule and child support ordered by the trial court.

■ We next consider whether the trial court erred in failing to assess attorney's fees and court costs to William. Iowa trial

courts are permitted considerable discretion in allowing attorney's fees and costs in dissolution actions. *In re Marriage of Moorhead*, 224 N.W.2d 242, 245 (Iowa 1974). We hold the trial court did not abuse its discretion in determining each party was responsible for his or her own attorney's fees and costs. We affirm.

Costs of this appeal are assessed to Jeanene.

AFFIRMED.