**IN THE COURT OF APPEALS OF IOWA**

No. 18-0360
Filed November 21, 2018

IN RE THE MARRIAGE OF SARAH ANNE ENKE
AND JASON A. ENKE

Upon the Petition of
**SARAH ANNE ENKE,**
        Petitioner-Appellant,

And Concerning
**JASON A. ENKE,**
        Respondent-Appellee.

_____

        Appeal from the Iowa District Court for Cerro Gordo County, Gregg R.

Rosenbladt, Judge.


        A mother appeals the ruling on a petition to modify child custody, awarding

physical care to the father.  **AFFIRMED.**


        Judith O'Donohoe of Elwood, O'Donohoe, Braun, White, LLP, Charles City,

for appellant.

        Jacqueline R. Conway of Heiny, McManigal, Duffy, Stambaugh &

Anderson, P.L.C., Mason City, for appellee.


        Considered by Potterfield, P.J., and Bower and McDonald, JJ.

**POTTERFIELD, Presiding Judge.**

Sarah Enke appeals the ruling granting Jason Enke's petition to modify the child-custody provisions of their divorce decree. Sarah argues there was not a substantial change in circumstances to warrant modifying the decree. In the alternative, she argues this court should modify the district court's ruling to provide equal parenting time. Jason requests appellate attorney fees.

**I. Background Facts and Proceedings.**

The parties married in 1999. They have four children: D.E., born in 2000; J.E., born in 2002; B.E., born in 2006; and P.E., born in 2008. The parties divorced in April 2014 through a stipulated agreement. Both parties agreed to share joint legal custody and physical care. According to the stipulation, Sarah had the children from Monday to Wednesday, Jason had the children from Wednesday to Friday, and the parties alternated weekends. The parties split childcare expenses equally, and Jason was ordered to pay child support.

In September 2014 Jason filed an application for rule to show cause. He argued Sarah failed to inform him she had scheduled the children's school conferences, foster the children's feelings of affection for him by declaring he was "unsafe," notify him of her new address, communicate regarding co-parenting beyond one e-mail per week, be flexible with visitation, and she did not accurately account for her share of expenses.

In October, Sarah filed a counterclaim, arguing Jason failed to consult her before signing the children up for activities, support her reasonable disciplinary actions, foster the children's feelings of affection for her, notify her of the children's enrollment in flag football or notify her of the schedule, and accurately account for

shared expenses. Also in October, Sarah applied for and was granted a protective order against Jason.

In December, the district court denied Jason's application for rule to show cause, finding Sarah had not violated the custody agreement. The district court found Sarah had notified Jason of the school conferences (but suggested they attend separate conferences); had not disparaged Jason in front of the children; properly notified Jason of her change in address; and that her attempts to limit communication to one e-mail per week, in light of Jason's "barrage of text messages," was appropriate barring any emergency. The district court found both parents were inflexible with the visitation schedule, and it had to resolve several disputes between the parties as to what constitutes a necessary expense that the parties should split. The district court found Jason in contempt regarding disparaging comments he made about Sarah in front of the children.

Jason filed a petition to modify physical care in April 2015, asking the court to grant him physical care. Jason argued Sarah refused to modify her protective order against him, making it difficult to co-parent and impossible to attend the children's activities. He also argued Sarah failed to share expenses according to the decree and refused to foster affection between him and the children. Sarah's counterclaim also requested physical care.

The district court modified the original decree in November 2015. The district court determined the parties had difficulty communicating with each other and sharing parenting expenses. The district court found joint physical care was not workable between the parties and awarded physical care to Sarah.

The instant petition to modify was filed by Jason in March 2017, requesting physical care of the children be awarded to him. In that petition, Jason alleged there was a substantial change in circumstances. Sarah's counterclaim requested the court revise the weekend visitation schedule due to college classes she was enrolled in.

A three-day trial was held on the matter in November 2017, before the same judge who had awarded Sarah physical care in 2015. The court appointed a guardian ad litem (GAL), who recommended a visitation schedule similar to the schedule in the parties' initial agreement. D.E., the parties' oldest child, had chosen to move in with Jason full time. The district court found there was a substantial change in circumstances and awarded Jason physical care of all four children.

Sarah appeals.

**II. Standard of Review.**

Child custody and child support matters are reviewed de novo. *In re Marriage of Hoffman*, 867 N.W.2d 26, 32 (Iowa 2015). "Although we make our own findings of fact, 'when considering the credibility of witnesses the court gives weight to the findings of the trial court' even though we are not bound by them." *Id.* (citation omitted). The best interests of the children is the controlling consideration. *Id.*

**III. Discussion.**

We must first determine whether there was a substantial change in circumstances warranting modification.

> To change a custodial provision of a dissolution decree, the applying party must establish by a preponderance of evidence that conditions since the decree was entered have so materially and substantially changed that the children's best interests make it expedient to make the requested change. The changed circumstances must not have been contemplated by the court when the decree was entered, and they must be more or less permanent, not temporary. They must relate to the welfare of the children. A parent seeking to take custody from the other must prove an ability to minister more effectively to the children's well being. The heavy burden upon a party seeking to modify custody stems from the principle that once custody of children has been fixed it should be disturbed only for the most cogent reasons.

*In re Marriage of Frederici*, 338 N.W.2d 156, 158 (Iowa 1983).

Here, Jason argues there has been a substantial change in circumstances for a number of reasons, including: (1) Sarah excluding Jason from medical decisions and appointments; (2) Sarah refusing to foster feelings of affection and respect between the children and Jason; (3) Sarah refusing to provide the children with clothing for visitation; (4) Sarah refusing to inform or include Jason in the children's extracurricular activities; (5) Sarah refusing to be flexible with the visitation schedule; (6) the need for police involvement several times in transferring custody or obtaining clothing for visitation; (7) the incompatibility of the schedule with the children's needs, particularly transfers on Saturday mornings interfering with the children's extracurricular activities and the holiday schedule resulting in long periods of time where the children do not see one parent; (8) Sarah disparaging Jason in front of the children; (9) Sarah inflicting emotional harm on the children, and (10) the children's request for modification. Sarah denied Jason's claims and counterclaimed for a modification in the visitation schedule.

The parties' circumstances since the November 2015 modification are largely the same. Both parties continue to reside in the same town and work at

the same jobs.  The district court in the 2015 modification ruling found that "communication has been difficult and has essentially broken down between them, that accounting for parenting expenses was impossible, and that the two parents have very different priorities and parenting styles."  The district court found the parties were "incapable of co-parenting."  Both parents made allegations against the other about disparaging comments made in front of the children.  The parents had involved law enforcement to enforce the divorce decree.  Jason accused Sarah of being inflexible with the visitation schedule and failing to properly provide for the children.

In 2015, when determining that Sarah should be awarded physical care, the district court found that "Sarah is less likely to overreach or be overly controlling, and that she will base decisions more on the best interests of the children and the common sense realities of a busy schedule, and to make appropriate and reasonable decisions regarding 'wants versus needs.'"

To compare, in the 2018 ruling, the district court found there was a substantial change in circumstances because financial difficulties and arguments about expenses have continued and communication has not improved—including Sarah communicating poorly regarding medical appointments and extracurricular activities.  The district court judge, who presided over the 2015 modification as well, stated he did not contemplate the present conditions in his 2015 modification.  While these circumstances are similar to the circumstances in the 2015 modification, our court has found a lack of improvement to be a change in itself.  The court also found its previous award of physical care to Sarah created stress on the children that modification would ameliorate.

In *In re Marriage of Downing*, 432 N.W.2d 692, 694 (Iowa Ct. App. 1988), this court discredited the mother's argument that the problems the parents were facing at the time of modification were the same they were facing at the time of dissolution, noting, "When entering the original decree, the court no doubt understood certain natural animosities exist during a divorce, however it strains credulity to believe the trial court did not contemplate the parties, mature adults, overcoming these feelings to concentrate on the best interests of their [children]." Similarly, in *In re Marriage of Grabill*, 414 N.W.2d 852, 853 (Iowa Ct. App. 1987), our court held that the custodial parent's lack of cooperation with the noncustodial parent's efforts to maintain satisfactory communication and visitation with the children constituted a substantial change in circumstances.

The district court further justified the 2018 modification because the parties' oldest child, D.E., has moved into his father's home. We have found that a child refusing to abide by the custody decree constitutes a substantial change in circumstances. *See In re Marriage of Walters*, No. 11-1746, 2012 WL 2411183, at *3 (Iowa Ct. App. June 27, 2012). Additionally, the district court found the 2015 modification has not worked out well—the arrangement at the time of the 2017 modification hearing was causing stress for the children. Finding there is a substantial change in circumstances warranting modification, we next consider whether Jason has established he can provide the children with superior care. *See Hoffman*, 867 N.W.2d at 32

The district court found joint care is not an option, although the children, except for D.E., prefer to spend equal time with each parent. In support of transferring physical care to Jason, the district court found Jason exercised better

financial judgment by purchasing a more moderate home, Jason has moved fewer times than Sarah and has chosen to not reside with his partner, and the GAL reported the children believe Jason would be a more flexible parent. The district court found several witnesses credibly testified the children were more relaxed and less anxious in Jason's care. Awarding Jason physical care would allow all the children to live in the same residence. Jason has established he can provide the children with superior care. We find it is in the children's best interest to place them in the physical care of Jason.

Jason asks us to award him appellate attorney fees. Such an award is discretionary. *See Spiker v. Spiker*, 708 N.W.2d 347, 360 (Iowa 2006). "Factors to be considered in determining whether to award attorney fees include: 'the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the appeal.'" *Id.* (quoting *In re Marriage of Okland*, 699 N.W.2d 260, 270 (Iowa 2005)). Given the income disparity between the parties, we decline to award Jason appellate attorney fees.

**AFFIRMED.**