**In re the MARRIAGE OF Susan D. WALSH and Michael T. Walsh.**

**Upon the Petition of Susan D. Walsh, Appellee/Cross–Appellant,**

**And Concerning Michael T. Walsh, Appellant/Cross–Appellee.**

No. 88–713.

Supreme Court of Iowa.

Feb. 21, 1990.

James R. Bowers of Brick, Seckington, Bowers, Swartz & Gentry, Des Moines, for appellant.

Steven C. Reed of Reed, DeSio & Blazek, Des Moines, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, SCHULTZ, NEUMAN, and ANDREASEN, JJ.

HARRIS, Justice.

This is an appeal and cross appeal in a dissolution of marriage proceeding in which the parties vigorously dispute visitation arrangements, alimony, child support, and attorney fees. We transferred the case to the court of appeals which, being equally divided, affirmed both appeals by operation of law. Although we in general agree with the challenged trial court holdings we granted further review to consider specific limitations on the father's visitation privileges. We modify and affirm on the appeal; we affirm on the cross appeal.

The relationship between respondent (Michael) and petitioner (Susan) began in 1978 and was formalized in 1980. There are two children, born in 1981 and 1984. At the beginning of the relationship Michael was a student and is now a pharmacist earning $35,000 per year. Susan has worked part-time and full-time. She now works thirty

to thirty-seven hours per week, earning $860 per month.

The parties separated in 1987 when Michael announced he is homosexual and is involved with another man.

■ I. On our de novo review we agree with the holdings of the trial court with regard to child support ($90 per week per child) and alimony ($250 per month for three years). We also agree with the court's allowance of attorney fees and the award to Michael of a dependency exemption of one of the children for income tax purposes. We think these allowances are appropriate under the factors listed in Iowa Code sections 598.21(3) and (4) (1989).

■ II. The court ordered joint legal custody of the two children with Susan having their physical care. Michael was granted visitation rights on two weekends each month. With all the foregoing we agree.

■ There was one further requirement regarding Michael's visitations, however, with which we do not agree. They were restricted to times when "no unrelated adult" was present. The trial court's stated reason for this restriction was Michael's "self-indulgent attitude." Susan argues in favor of the restriction on the claim that Michael shows favoritism for the older child (a boy). Susan asserts this preference has upset the second child (a girl). The trial court's view that Michael was self-indulgent apparently stems from a California trip Michael took shortly before his father's death. We do not draw the same conclusions regarding that trip and on the whole record do not conclude Michael was self-indulgent.

The legislature has determined that, in the absence of some compelling reason to the contrary, a child needs close contact with both parents. This view is expressed both in Iowa Code section 598.21(4) and 598.41(1).

We find no reason for the requirement that Michael's visitations be restricted to times when "no unrelated adult" is present. This unusual provision was obviously imposed on account of Michael's homosexual lifestyle. Michael argues against this restriction and the concern which precipitated it by insisting the children would have no exposure to his lifestyle.

On several occasions throughout the testimony, friends, relatives, and even Susan herself noted that Michael was a good, loving and responsible father to his children. When questioned at some length regarding his private sex life Michael testified: "There is no way my children will be exposed to that. There is no way." On this record we find no reason to doubt Michael's testimony.

Michael's visitation rights should not be restricted by limiting them to times when no unrelated adult is present. Michael should also be allowed one week's visitation during July or August. Notice of such a visit should be given one month in advance.

■ The trial court ordered Michael to give one week's notice of intent to exercise his weekend visitation rights. We think this notice is unnecessary and direct that it not be required. In all other respects the decree of the trial court is affirmed. Tax costs on appeal to Michael. Michael is ordered to pay $1750 toward Susan's attorney fees on appeal.

DECISION OF THE COURT OF APPEALS AND DISTRICT COURT JUDGMENT AFFIRMED AS MODIFIED.