In re the MARRIAGE OF John Eugene COURTADE and Linda Kay Courtade.

Upon the Petition of John Eugene COURTADE, Appellant,

And Concerning

Linda Kay Courtade, Appellee.

No. 96–0082.

Court of Appeals of Iowa.

Dec. 20, 1996.

Myron L. Gookin of Foss, Kuiken & Gookin, P.C., Fairfield, for appellant.

Benny B. Waggoner, Fairfield, for appellee.

Considered by SACKETT, C.J., and HABHAB and VOGEL, JJ.

VOGEL, Judge.

John and Linda Kay (Kay) Courtade's marriage was dissolved by a decree entered on June 30, 1993. The parties were awarded joint custody and divided physical care of their three children, Alex, born February 23, 1980, Claire, born September 3, 1982, and Will, born April 2, 1988. John was ordered to pay $200 per month in child support.

John is 46 years old and is an attorney. In 1991, John, Kay, and the children moved from Washington D.C. to Fairfield, Iowa. John moved from Fairfield, Iowa, to Austin, Texas, in June 1995. Kay continues to live in Fairfield and is the Director of the Grants Office at Maharishi University of Management. When in Fairfield, all of the children have attended the Maharishi School of the Age of Enlightenment. Alex moved to Texas in the early summer of 1995 to live with John and was living there at the time of trial. Claire and Will continue to live with Kay in Fairfield.

John petitioned for modification of the custody and support provisions of the dissolution decree after he moved to Texas. Following a hearing, the district court did modify the decree. The court placed Alex in John's primary care and placed Claire and Will in Kay's primary care. John was ordered to pay $752.89 per month in child support.

John appeals.

**I. Scope of Review.** We review a district court's modification of a dissolution decree de novo. *In re Marriage of Jacobo,* 526 N.W.2d 859, 864 (Iowa 1995). We give weight to the district court's findings of fact but they do not bind us. *In re Marriage of Sjulin,* 431 N.W.2d 773, 776 (Iowa 1988).

**II. Primary Physical Care.** John contends the district court should have placed all three of the children in his primary physical care.

"The trial court has reasonable discretion in determining whether modification is warranted and that discretion will not be disturbed on appeal unless there is a failure to do equity." *In re Marriage of Kern,* 408 N.W.2d 387, 389 (Iowa App.1987) (citing *In re Marriage of Vetternack,* 334 N.W.2d 761, 762 (Iowa 1983)). The criteria for determining child custody are applied in modification proceedings. *In re Marriage of Hubbard,* 315 N.W.2d 75, 80 (Iowa 1982).

In child custody cases, the best interests of the child is the first and governing consideration. The factors the court considers in awarding custody are enumerated in Iowa Code section 598.41(3) (1995), in *In re Marriage of Weidner,* 338 N.W.2d 351, 355–56 (Iowa 1983), and in *In re Marriage of Winter,* 223 N.W.2d 165, 166–67 (Iowa 1974). The critical issue in determining the best interests of the child is which parent will do better in raising the child; gender is irrele-

vant, and neither parent should have a greater burden than the other. *In re Marriage of Ullerich*, 367 N.W.2d 297, 299 (Iowa App. 1985). In determining which parent serves the child's best interests, the objective is to place the child in an environment most likely to bring the child to healthy physical, mental, and social maturity. *In re Marriage of Harris*, 499 N.W.2d 329, 332 (Iowa App.1993).

John spends a great deal of time in his brief on the subjects of the transcendental meditation movement, the teachings of the Maharishi Yogi, and the Maharishi School of the Age of Enlightenment. John's objections to the transcendental movement and the lifestyle it entails must be considered in light of the fact John has practiced and continues to practice transcendental meditation. In making our findings, we make no judgment regarding the transcendental meditation movement, the teachings of the Maharishi Yogi, or the Maharishi School of the Age of Enlightenment.

The original dissolution decree of June 30, 1993, gave the parents joint custody and divided physical care of the children. This arrangement was successful for a time and gave the children good access to both parents. Two years later, in June of 1995, John moved away from the children, depriving them of his joint physical care.

The parent with primary physical care makes the determination where the children's home will be, which may include moving the children away from the proximity of the non-primary physical care parent. *In re Marriage of Frederici*, 338 N.W.2d 156, 159–60 (Iowa 1983). Such a move, standing alone, is not a sufficient reason to support a change of custody. *Id.* In this case, both John and Kay are the primary physical care parents. This frustrates the application of the *Frederici* case, as both parents cannot have the "final say" when a move is contemplated. *Id.* As a joint primary care parent, John should not be penalized because he chose to move to Texas and now wants the children to live with him there. Nonetheless, the original decree, with the best interests of the children in mind, set up a very workable shared physical care arrangement. John has upset the balance, and so on modification the trial court was given the ever difficult task of determining which parent the children should live with.

There is a preference for keeping siblings together. *See In re Marriage of Smiley*, 518 N.W.2d 376, 380 (Iowa 1994). Alex has lived with John since the summer of 1995. Although Alex is doing well in John's care, he is deprived of the benefits of being in the same home as his siblings. However, Alex's preference is to remain with John and there was evidence that John can better provide for Alex's long range best interests. Physical care of Alex was correctly placed with John.

The trial court found Claire and Will to have a very close relationship with Kay and with each other. Both children are doing well in school and other activities. The trial court also found Kay to be able to more effectively meet the needs of Claire and Will than John.

Upon consideration of all arguments raised by both parties on appeal, we find the district court was correct in placing the primary physical care of Alex with John and of Claire and Will with Kay.

**III.** *Attorney Fees.* Kay requests appellate attorney fees on appeal. An award of attorney fees is not a matter of right, but rests within the court's discretion and the parties' financial positions. *In re Marriage of Roberts*, 545 N.W.2d 340, 345 (Iowa App.1996); *In re Marriage of Gilliam*, 525 N.W.2d 436, 439 (Iowa App.1994). We are to consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the district court's decision on appeal. *In re Marriage of Miller*, 524 N.W.2d 442, 445 (Iowa App. 1994). We determine each party should pay his or her own attorney fees for this appeal.

**AFFIRMED.**