## IN THE COURT OF APPEALS OF IOWA

No. 14-0102
Filed June 11, 2014

**DEREK M. ROLLING,**
   Plaintiff-Appellee,

**vs.**

**ANGELIA J. HOFFMAN,**
   Defendant-Appellant.
_____

Appeal from the Iowa District Court for Worth County, Colleen D. Weiland, Judge.

Angelia J. Hoffman challenges a district court's modification order.
**AFFIRMED.**

Sarah A. Reindl, Mason City, for appellant.

Douglas A. Krull, Northwood, for appellee.

Considered by Vogel, P.J., and Doyle and Mullins, JJ.

**DOYLE, J.**

Angelia Hoffman challenges a district court's modification order placing the parties' child in the physical care of Derek Rolling. Upon our de novo review, we affirm.

### I. Background Facts and Proceedings.

Derek Rolling and Angelia Hoffman are the parents of a daughter born in 2009. In 2011, a consent order was entered by the district court adopting a stipulation by the parties concerning matters relating to their child, including custody and visitation. The parties agreed to joint legal custody and care of their child.

In 2013, Derek filed a petition for modification of the consent order after Angelia moved to Minnesota, asserting there had been a substantial change in circumstances warranting modification. He requested their daughter be placed in his physical care and Angelia ordered to pay child support. Angelia answered, admitting there had been a substantial change in circumstances, and she requested the court place their child in her physical care with Derek to pay her child support.

Trial was held on November 6, 2013. Thereafter, the district court entered its order modifying the parties' consent order, placing the parties' child in the physical care of Derek. The court found the parents had "cooperatively done a remarkable job of parenting [their] child," requiring it to make its physical-care determination "on the narrowest of considerations." The court noted that the child had been raised in the Worth County community and concluded, "[a]ll else

being equal, promoting the child's stability by remaining in the Worth County community serves her best interests. She should accordingly reside with Derek."

Angelia now appeals.[1]

## II. Scope and Standards of Review.

Because an action to modify a custody decree is heard in equity, our review is de novo. Iowa R. App. P. 6.907; *In re Anderson*, 530 N.W.2d 741, 741 (Iowa Ct. App. 1995). "We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but [we] are not bound by them." *Anderson*, 530 N.W.2d at 741. "The trial court has reasonable discretion in determining whether modification is warranted and that discretion will not be disturbed on appeal unless there is a failure to do equity." *In re Marriage of Kern*, 408 N.W.2d 387, 389 (Iowa Ct. App. 1987).

## III. Discussion.

Typically, when an original custody order is modified, the party seeking modification must prove a material and substantial change in circumstances. *In re Marriage of Frederici*, 338 N.W.2d 156, 158 (Iowa 1983). When the modification would mean that one parent receives physical care, that parent must also demonstrate an ability to minister more effectively to the child's well-being. *Id.*

Since the entry of the original custody order in 2011, the parents have shared equally the physical care of the child. The parties agreed Angelia's move constituted a material change in circumstances warranting modification. *See*

---

[1] Derek filed a written statement waiving filing of a brief. *See* Iowa Rs. App. P. 6.901(1)(b); 6.903(3).

Iowa Code § 598.21D (2013) (stating court may consider relocation of one-hundred-fifty miles or more to be a substantial change in circumstances). Consequently, we address this as an initial custody determination where the issue is which parent can render better care. *See Melchiori v. Kooi*, 644 N.W.2d 365, 368 (Iowa Ct. App. 2002).

In making this physical-care decision, the district court is guided by the factors enumerated in Iowa Code section 598.41(3), as well as other nonexclusive factors enumerated in *In re Marriage of Winter*, 223 N.W.2d 165, 166-67 (Iowa 1974). The ultimate objective of a physical care determination is to place the child in the environment most likely to bring her to healthy physical, mental, and social maturity. *In re Marriage of Courtade*, 560 N.W.2d 36, 38 (Iowa Ct. App. 1996). As each family is unique, the decision is primarily based on the particular circumstances of each case. *In re Marriage of Hansen*, 733 N.W.2d 683, 699 (Iowa 2007).

Angelia contends she should have been granted physical care of the parties' child. She asserts, among other things, that she was the child's primary caregiver and could provide the child better care and stability than Derek. Like the district court, we find this to be a close and difficult decision. However, after our independent review of the record, we reach the same conclusion as the district court.

In custody modification cases, stability is the trump card. It is true that when we consider the stability of the child's situation, we place greater emphasis on their relationship with the primary caregiver than on the physical setting. *See In re Marriage of Thielges*, 623 N.W.2d 232, 236 (Iowa Ct. App. 2000). However,

the record shows that the parents shared equally in the care of their child. There is no doubt both parents love the child and can provide equally for her care, as they have been doing for a number of years. Given the objective of a physical care determination, to place the child in the environment most likely to bring her to healthy physical, mental, and social maturity, we believe the stability offered by Derek, coupled with the child's close relationships with Derek's extended family, tip the scales in favor of awarding the child's physical care to Derek. Accordingly, we affirm the district court's order modifying the parties' child custody order and granting Derek physical care of the parties' child.

### IV. Conclusion.

Because we agree with the district court's placement of the child in Derek's physical care, we affirm the court's modification decree. Costs on appeal are assessed to Angelia.

**AFFIRMED.**