# IN THE COURT OF APPEALS OF IOWA

No. 14-0133
Filed July 16, 2014

IN RE THE MARRIAGE OF PAUL A. STEPHENS
AND NICHOLE R. STEPHENS

Upon the Petition of
**PAUL A. STEPHENS,**
        Petitioner-Appellee,

**And Concerning**
**NICHOLE R. STEPHENS,**
        Respondent-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Mary E. Howes,

Judge.


        Nichole Stephens appeals the district court's modification decree awarding

Paul Stephens physical care of their two minor children.  **AFFIRMED.**


        Gary D. McKenrick of Cartee & McKenrick, P.C., Davenport, for appellant.

        Michael J. Harris, until withdrawal, and Randall B. Willman and Thomas E.

Maxwell, of Leff Law Firm, L.L.P., Iowa City, for appellee.


        Considered by Vogel, P.J., and Doyle and Mullins, JJ.

**VOGEL, P.J.**

Nichole Stephens appeals the district court's modification decree awarding Paul Stephens physical care of their two minor children. Nichole asserts the court incorrectly found a substantial change in circumstances warranted modification of the original dissolution decree, and that insufficient evidence exists to support the modification of the physical care arrangement. We agree with the district court Paul was able to show a substantial change in circumstances occurred, and that he proved to be the superior caretaking parent such that modifying the physical care arrangement is in the children's best interest. Consequently, we affirm the district court's order awarding Paul physical care.

Nichole and Paul's marriage was dissolved on August 15, 2011. Two minor children were born during the marriage, the first in May 2006, and the second in January 2008. The parties agreed to joint legal custody with Nichole having physical care. In February 2011, prior to the entry of the decree, Nichole and the children moved from Davenport, Iowa, to Port Orange, Florida, where her then-paramour resided. Nichole began working at a health club. Both parties believed this move to be permanent. To be closer to the children, Paul moved to Southport, North Carolina—where his parents live—three months after Nichole's move. In December 2011, Nichole moved with the children to Tequesta, Florida, due to a promotion within her company. Tequesta is approximately two and one-half hours south of Port Orange

In August 2012, Paul moved to Tequesta. To save on expenses, Nichole allowed Paul to stay in a spare bedroom in Nichole's house. Also in August,

Nichole visited Tampa, Florida for two weeks to explore another job opportunity, which did not prove fruitful. The health club in Tequesta, upon learning of her job inquiry in Tampa, terminated her employment.[1] Consequently, Nichole moved back to Davenport, Iowa, with the children, and began a health club business with her then-paramour, Jason Tripp. Paul moved back to North Carolina in April 2012, then, upon Nichole informing him that her move to Iowa would be somewhat long-term, Paul moved back to Iowa in December 2012. At the modification hearing, Paul testified that his understanding was Nichole's move to Iowa "was relatively a permanent thing." Nichole testified her plan was always to move back to Florida, though she had anticipated being able to remain in Iowa longer.

In addition to Nichole's frequent relocations, Paul testified Nichole interferes with his relationship with the children. For example, in September 2012, she prevented them from attending his wedding in North Carolina a few days prior to the children's scheduled departure, and after Paul had already purchased airplane tickets, dresses, and otherwise arranged for the children's travel. Nichole testified she regretted her actions. Additionally, there was conflicting testimony as to whether Nichole has declined to allow him extra time with the children and whether he was consistently allowed to speak to them on the telephone. The district court stated it found Paul's testimony in this respect "more credible because his version is more in keeping with the parties' other behavior."

---

[1] Three months later the health club offered to hire Nichole again.

Paul further testified he is concerned about Nichole's relationship with Tripp, who has threatened Paul. Tripp has also potentially become violent with Nichole, although in her testimony she denied the physical violence she had originally reported to Paul occurred. Though Tripp has moved back from Iowa to Florida, he and Nichole remain business partners with companies in both states. Nichole is uncertain as to their future romantic relationship.

Approximately six months following Nichole's move to Iowa, she expressed an intention to again move to Florida so she could expand her business, having exhausted all opportunities in Iowa. She testified she intends to move to the Tequesta area again, a place with which the children are already familiar and where her business is already established. She further stated she did not intend to move again. Paul filed a motion for a temporary injunction to prevent this move. The district court granted the temporary injunction on June 18, 2013. On May 8, 2013, Paul filed an application to modify the physical care arrangement, asserting Nichole's frequent moves over a short period of time resulted in a substantial change in circumstances warranting modification of the dissolution decree. A hearing was held on November 1, 2013, and the district court granted Paul's application to modify on January 6, 2014, placing physical care of the children with him and setting child support for Nichole to pay in the amount of $625 each month. Nichole appeals.

We review modifications of child custody de novo. *In re Marriage of Courtade*, 560 N.W.2d 36, 37 (Iowa Ct. App. 1996). We give weight to the trial court's findings of fact, but we are not bound by them. *Id.* The "first and governing consideration" is the best interest of the child. *Id.*; *see also In re*

*Marriage of Winter*, 223 N.W.2d 165, 166–67 (Iowa 1974). Modification of the custody arrangement can only be ordered when the movant has established a substantial change in circumstances occurred not contemplated by the decretal court, and that he or she is able to give the children superior care. *In re Marriage of Walton*, 577 N.W.2d 869, 870 (Iowa Ct. App. 1998).

Iowa Code section 598.21D (2013) provides:

> If a parent awarded joint legal custody and physical care or sole legal custody is relocating the residence of the minor child to a location which is one hundred fifty miles or more from the residence of the minor child at the time that custody was awarded, the court may consider the relocation a substantial change in circumstances. If the court determines that the relocation is a substantial change in circumstances, the court shall modify the custody order to, at a minimum, preserve, as nearly as possible, the existing relationship between the minor child and the nonrelocating parent.

Both parties agree Nichole's initial relocation to Port Orange, Florida, was contemplated by the decretal court, and therefore not a statutorily-defined change in circumstances. However, Nichole's subsequent moves to Tequesta, Tampa, and back to Iowa constitute a substantial change in circumstances within the meaning of the statute. The move from Port Orange to Tequesta alone was a distance of over 150 miles, and, combined with the move from Florida to Iowa, establishes a substantial change in circumstances. *See id.*; *In re Marriage of Mayfield*, 577 N.W.2d 872, 874 (Iowa Ct. App. 1998). Consequently, we agree with the district court that Paul has met his burden to show a substantial change in circumstances occurred.

We further agree with the court's conclusion that awarding Paul physical care is in the best interest of the children. In concluding Paul is able to provide superior care to the children, the district court stated:

1. Nicki has shown extreme instability in residence, jobs and relationships since the decree was entered. They have only been divorced two years and she has uprooted the children three times, not including her initial move to Florida, and now wants to uproot them and move back to Florida again. The three moves she has done in the last two years have involved large distances and she now wants to make a fourth move in two years, hence Paul filed the modification and got an injunction preventing that from the Court.

2. She has not supported the relationship between the children and her father, and that has been detrimental to the children.

3. She puts her possible employment opportunities above finding stability for the children.

4. Her relationships with men control where she lives more than what is in the children's best interest.

5. The Court finds Paul is more capable of providing a stable environment for the children.

We agree with these findings and reasoning. While we do not fault Nichole for pursuing career opportunities, as the court noted, she appears to be placing business opportunities, as well as two paramours, ahead of her consideration of the children's stability. The ability to provide a stable home environment is an important factor when determining what is in the children's best interests. *See Winter*, 223 N.W.2d at 167. While Nichole faults Paul for his frequent moves, it is clear from the record he tracked Nichole's moves to be in closer proximity to the children. His final move to Iowa and securing of good employment was done in the hope that Nichole would stay settled for some length of time. Paul's actions counsel that he can provide superior care such that physical care was appropriately granted to him. *See In re Marriage of Downing*, 432 N.W.2d 692, 695 (Iowa Ct. App. 1988) (holding that the father's ability to provide a stable educational environment, home environment, and physical location meant that awarding him physical care was in the best interest of the child); *but see In re Marriage of Frederici*, 338 N.W.2d 156, 158–59 (Iowa 1983)

(holding the mother's move so as to increase her income did not warrant a modification of the custody arrangement, and noting that "[t]he heavy burden upon a party seeking to modify custody stems from the principle that once custody of children has been fixed it should be disturbed only for the most cogent reasons").

We further agree with the court that Nichole and the children share a strong bond, given that she has been the primary caretaker since their birth. She is also a good mother to the children. However, Nichole's frequent moves, whether intentional or not, have frustrated Paul's ability to be in a close relationship with the children. Although the parties agreed that to date the children have adjusted well to each move, the district court was doubtful Nichole could provide future stability based on her frequent uprooting of the children. *See In re Marriage of Cupples*, 531 N.W.2d 656, 657 (Iowa Ct. App. 1995) ("We look to determine which parent will in the future provide an environment where the children are most likely to thrive."). Consequently, we conclude awarding Paul physical care is in the best interest of the children, and the dissolution decree should be modified. We therefore affirm the order of the district court.

**AFFIRMED.**