**IN THE COURT OF APPEALS OF IOWA**

No. 15-0363
Filed September 10, 2015

**IN RE THE MARRIAGE OF KEVIN ALLEN WINEY
AND KRISTA DAWN WINEY**

**Upon the Petition of
KEVIN ALLEN WINEY,**
      Petitioner-Appellee,

**And Concerning
KRISTA DAWN WINEY,**
      Respondent-Appellant.
_____

Appeal from the Iowa District Court for Madison County, Randy V. Hefner,

Judge.

A mother appeals the district court's decision modifying the shared care

provision of the dissolution decree and awarding the father physical care.

**AFFIRMED.**

Ryan D. Babich of Babich Goldman, P.C., for appellant.

G. Stephen Walters of Jordan, Oliver, Walters & Smith, P.C., Winterset,

for appellee.

Considered by Doyle, P.J., and Mullins and Bower, JJ.

**MULLINS, J.**

Krista Winey appeals the district court's decision modifying the dissolution decree and designating Kevin Winey as the physical care parent. Krista claims the court should have awarded her physical care. If made the physical care parent, she asks for child support. If she is not made the physical care parent, she argues she should be awarded extraordinary visitation. Krista asks for appellate attorney fees. Kevin Winey argues the district court did not err in designating him as the physical care parent and in granting Krista visitation. Kevin argues he should not have to pay child support or attorney fees.

I. **Background Facts and Proceedings.**

Krista and Kevin were divorced in January 2010. They have three children together: A.W., born in 2002; E.W., born in 2007; and C.W., born in 2008. The dissolution decree stipulated the parties would share joint legal custody and joint physical care of the children. The dissolution decree also stipulated the parties were to live in the same school district, with any agreement to change schools made in writing. Under this arrangement, one week Krista cared for the children from Friday until Tuesday, with Kevin parenting on Wednesday and Thursday. The next week, Krista would parent from Sunday until Wednesday, with Kevin caring for the children Thursday through Saturday.

Shortly after the divorce, Kevin became engaged to Leslie. Kevin and Leslie married in 2011, and they have one child together. Kevin has adopted Leslie's child from a previous relationship. Kevin and Leslie share a home

together in Earlham, and Leslie has taken on several responsibilities with the children.

Krista petitioned the court to modify the dissolution decree in August 2012, seeking either physical care or a modification of the current agreement. The parties mediated, and their agreement was adopted by the court in May 2013. Krista and Kevin were to continue to share joint legal custody and joint physical care. According to the new agreement, Krista would care for the children Wednesday nights and every Friday, Saturday, and Sunday during the school year, as well as every other week during the summer. Under the new agreement, Krista could move out of the district, and Kevin no longer had to pay child support.

In 2011, a child abuse complaint was filed with the department of human services (DHS), alleging Leslie had abused E.W. In January 2014, a second complaint was filed, alleging Leslie had abused A.W. Krista petitioned for modification on January 10, 2014. She requested physical care, claiming Leslie physically and mentally abused the children. Krista requested an injunction enjoining Kevin from having visitation with the children. The injunction was denied. Kevin filed a pro se response requesting physical care and later filed a second response, resisting modification and denying a substantial change in circumstances. Kevin requested physical care subject to reasonable visitation if the court did find a substantial change in circumstances.

In May 2014 a third complaint was filed, alleging Leslie had abused E.W. All of the complaints were investigated by DHS and deemed unfounded. As a

result of the May 2014 incident, Leslie was charged with criminal child endangerment and found not guilty in August 2014. A no-contact order was entered between Leslie and E.W. between May and August 2014, and Krista provided physical care for the children during that time. Leslie also has two prior DHS child abuse complaints regarding her failure to care for her oldest son during his ultimately-terminal illness. These two complaints are from before Leslie and Kevin were married. Leslie testified she received needed services and corrected the conduct that led to the complaints. The district court found Leslie to be credible and attributed no weight to those two previous complaints against her.

## II.     Scope and Standard of Review

We review the district court's modification decision de novo. *In re Marriage of Brown*, 778 N.W.2d 47, 50 (Iowa 2009). While we are not bound by the court's factual findings, we are to give weight to the court's factual findings, especially credibility determinations. *Id*; *In re Marriage of Vrban*, 359 N.W.2d 420, 423 (Iowa 1984) ("There is good reason for us to pay very close attention to the trial court's assessment of the credibility of witnesses. A trial court deciding dissolution cases 'is greatly helped in making a wise decision about the parties by listening to them and watching them in person.'" (citations omitted)). Our overarching consideration is the best interests of the children. *In re Marriage of Leyda,* 355 N.W.2d 862, 865 (Iowa 1984).

### III. Analysis

#### A. Physical Care

Neither parent argues the district court was incorrect in modifying the dissolution decree or determining the parents should no longer engage in joint physical care of the children. Krista argues she should have been awarded physical care instead of Kevin. Both parents are presumed to be adequate caretakers for the children because they have had shared physical care. *In re Marriage of Frederici*, 338 N.W.2d 156, 160 (Iowa 1983). Because both parents are presumed to be suitable physical care parents, the question becomes which parent would be the better parent. *Melchiori v. Kooi*, 644 N.W.2d 365, 368 (Iowa Ct. App. 2002).

To determine which parent would be the better parent to provide physical care, we consider the factors laid out in Iowa Code section 598.41(3) (2013). Relevant here are considerations of which parent has actively cared for the child since the separation, whether the custody arrangement is in accordance with the child's wishes, and the safety of the child. We also can consider the emotional, social, and educational needs of the child, the relationships between the children and their siblings, the effect of disrupting existing living arrangements, and the stability and wholesomeness of the environment. *In re Marriage of Winter*, 223 N.W.2d 165, 166 (Iowa 1974). The ultimate objective is to place the child with the parent who can better raise the child to healthy physical, mental, and social maturity. *In re Marriage of Courtade*, 560 N.W.2d 36, 38 (Iowa Ct. App. 1996).

Kevin has remained in the same home for several years and the same community since the divorce. Kevin remarried in 2010, and the marriage appears to be stable. Kevin has been consistently employed and is currently employed in a position where he is available to parent his children after school. Since the May 2013 decree modification, Kevin has cared for the children most of the time, with Krista parenting on weekends and Wednesday evenings. Krista has been less stable, moving six times in the last five years. She has had several different romantic relationships and exposed the children to those relationships. She has had several different jobs and is currently employed part time. If Krista were awarded physical care, she would move the children out of the school district they have been in. Kevin can provide a more stable environment for the children, and the district court correctly determined Kevin to be a better physical caretaker for the children.

Krista alleges the district court did not accord the weight it should have to the child abuse complaints. The district court discussed the child abuse complaints against Leslie, both with her oldest child, and with A.W. and E.W., at length. The district court agreed with DHS in concluding the recent allegations of abuse were unfounded. The district court did not find any evidence Leslie poses a threat to the children. In regards to Leslie's issues with her oldest son, the district court considered how long ago the allegations were, the extreme circumstances surrounding the abuse findings, Leslie's quick remedy of the issues, and Leslie's maturity toward the situation. In light of the superior position of the district court in making credibility determinations, and the lack of any

additional evidence pointing towards the children's endangerment, we find the district court to have appropriately considered any child abuse allegations against Leslie.

Krista also alleges the district court did not accord the weight it should have to the physical caretaker's support of the other parent's relationship with the child. Krista alleges Kevin and Leslie are the primary instigators of the animosity between them. Neither parent in this situation has been appropriately supportive of the other parent's relationship with the children. Other factors indicate Kevin will be the better physical caretaker of the children.

**B.** **Child Support**

Krista argues for child support in the event the district court's decision is reversed. She does not argue the district court's child support calculation under the current ruling is incorrect. Since we affirm the district court's physical care determination, we need not reach this issue.

**C.** **Extraordinary Visitation**

Krista argues she should be awarded extraordinary visitation if the district court's determination is affirmed. Krista argues the current visitation schedule under the district court's determination is extremely restrictive in light of the previous shared care agreement and her time as the effective physical caregiver. She also argues expanded visitation rights would be in the children's best interest. The current visitation schedule gives Krista 106 days of overnight visitation and forty-three days of partial visitation in a year. In determining visitation, the court can consider the impact of visitation on school and friendship

related activities. *In re Marriage of Hunt*, 476 N.W.2d 99, 103 (Iowa Ct. App 1991). The oldest child, A.W., has expressed disappointment with not being able to remain at his father's on the weekends to engage in these activities. The district court considered its visitation determination to "minimize the disruption caused by the current schedule and to provide the children with quality non-school time with Kevin." Custodial parents are entitled to enjoy weekend time with their children. *In re Marriage of Weidner*, 338 N.W.2d 351, 359 (Iowa 1983). The district court's decision will allow the children to maintain a relationship with their mother and also engage in meaningful social and extracurricular activities with their father and in their community.

### D. Attorney Fees

Krista asks this court to award her appellate attorney fees. She alleges Kevin should pay her attorney fees because he has a greater ability to pay. Our award of attorney fees is "guided by the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the appeal." *In re Marriage of Geil*, 509 N.W.2d 738, 743 (Iowa 1993). While Kevin has a greater ability to pay, Krista is intentionally under-employed, and Kevin will bear the brunt of childrearing costs as the physical caretaker. The merits of the appeal favored Kevin. Each party should be responsible for his or her own attorney fees. Krista is assessed the costs of this appeal.

## IV. Conclusion

Considering the stability of Kevin's home and his history as the primary caregiver, the district court correctly found Kevin to be a better candidate to be

the physical caretaker of the three children.  Since we affirm the district court's physical care determinations, Krista does not challenge the court's child support decision.  The district court correctly awarded liberal visitation to Krista.  The parties are responsible for their own attorney fees.  Krista is assessed the costs of this appeal.

**AFFIRMED.**