## IN THE COURT OF APPEALS OF IOWA

No. 15-1100
Filed March 23, 2016

IN RE THE MARRIAGE OF JARED ALLEN
AND VICTORIA ALLEN

Upon the Petition of
JARED ALLEN,
    Petitioner-Appellee,

And Concerning
VICTORIA ALLEN, n/k/a VICTORIA COOLING,
    Respondent-Appellant.
_____

    Appeal from the Iowa District Court for Black Hawk County, Bradley J.

Harris, Judge.


    Formerly married parents sought to modify the joint physical care

arrangement, and the mother appeals from the district court's order placing the

child in the father's physical care. **AFFIRMED.**


    Judy Johnson of Borseth Law Office, Altoona, for appellant.

    Andrew C. Abbott of Abbott Law Office, P.C., Waterloo, for appellee.


    Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**DANILSON, Chief Judge.**

Formerly married parents, Victoria Allen (now Victoria Cooling) and Jared Allen sought to modify the joint physical care arrangement of the modified dissolution decree. The mother appeals from the district court's order placing the child in the father's physical care. Finding no reason to disturb the trial court's ruling, we affirm.

**I. Background Facts and Proceedings.**

Victoria and Jared were married in 2001, had a child (M.) in 2004, and were divorced in 2007. The dissolution decree placed the child in the parties' joint physical care (eight days with the mother and six days with the father in each two-week period). At the time, both parents lived in the Waterloo and Cedar Falls area.

In 2010, the decree was modified to the extent that the parties stipulated the child would spend alternating weeks with each parent. Both parties have remarried since the dissolution; Jared in 2009, and Victoria in 2011. Jared and his spouse have a child together. Victoria and her spouse have two children together. In November 2014, Victoria's spouse began a new job in Ames. Victoria did not immediately move with her spouse, but stayed in the Waterloo and Cedar Falls area so as not to disturb the joint physical care arrangement or interrupt the child's school placement. However, in May 2015, Victoria and the children joined her spouse, renting a house in Huxley, Iowa. Victoria filed a petition to modify the physical care of M.; Jared, too, sought physical care of the

child. Following a trial, the district court ordered physical care would be placed with Jared, and Victoria was to pay thirty dollars per month in child support.

Victoria appeals.

## II. Standard of Review.

> Petitions to modify the physical care provisions of a divorce decree lie in equity. Accordingly, our review is de novo. Although we make our own findings of fact, "when considering the credibility of witnesses the court gives weight to the findings of the trial court" even though we are not bound by them. The children's best interest is the "controlling consideration." Utilizing the best-interest standard "provides the flexibility necessary to consider unique custody issues on a case-by-case basis."

*In re Marriage of Hoffman*, 867 N.W.2d 26, 32 (Iowa 2015) (citations omitted).

## III. Discussion.

Typically, when an original custody order is modified, the party seeking modification must prove a material and substantial change in circumstances. *In re Marriage of Frederici*, 338 N.W.2d 156, 158 (Iowa 1983). When the modification would mean that one parent receives physical care, that parent must also demonstrate an ability to minister more effectively to the child's well-being. *Id.*

Since the entry of the previous modification order in 2010, the parents have shared equally the physical care of the child. Consequently, we address this as an initial custody determination where the issue is which parent can render better care. *See Melchiori v. Kooi*, 644 N.W.2d 365, 368 (Iowa Ct. App. 2002). The parties agree Victoria's move constituted a material change in circumstances warranting modification.

In making the physical-care decision, the district court is guided by the factors enumerated in Iowa Code section 598.41(3) (2015), as well as other nonexclusive factors enumerated in *In re Marriage of Winter*, 223 N.W.2d 165, 166–67 (Iowa 1974). The ultimate objective of a physical care determination is to place the child in the environment most likely to bring the child to healthy physical, mental, and social maturity. *In re Marriage of Courtade*, 560 N.W.2d 36, 38 (Iowa Ct. App. 1996). As each family is unique, the decision is primarily based on the particular circumstances of each case. *Hoffman*, 867 N.W.2d at 32; *see also In re Marriage of Hansen*, 733 N.W.2d 683, 699 (Iowa 2007).

Upon our de novo review, we find no reason to modify the court's findings and conclusions. We note the parties stipulated to shared care both in the original decree and in the 2010 modification. They each, in essence, acknowledged the other is a proper caregiver for the child. The shared-care arrangement worked adequately for eight years. It was only when the parties were an hour-and-a-half drive from each other that modification of the arrangement was sought.

Here, the trial court found that each parent "attempted to paint the other party in an unfavorable light during trial." It also found, however, "[B]oth parties and their new spouses are good people who have provided stable and secure residences for the minor child." Having reviewed the record de novo, we agree with this finding. The trial court took into account the relevant factors set out in Iowa Code section 598.41(3) (listing factors the court "shall consider" in determining what custody arrangement is in the child's best interests), including

Victoria's move. While the move was not so far that it would qualify for the presumed change of circumstances provided in Iowa Code section 598.21D (providing that a relocation of 150 miles or more may constitute a substantial change in circumstances warranting a modification of a custody order), both Victoria and Jared agreed it made the shared-care arrangement unworkable.

The court ultimately determined the stability of keeping the child in the same school district and near extended family tipped the balance in favor of placing the child with the father. We do not disturb this finding, and we therefore affirm.

There are some concerns regarding each parent albeit nothing overly significant or that bears repeating here except two matters or issues that could arise again. We share the concern of Victoria that Jared, on one occasion, harshly punished the child, although not in a physical manner. The incident is disconcerting but we trust Jared will act more reasonably in his future efforts at behavior modification of the child. We also note Jared has not been particularly flexible with modifications to the visitation. Both parents are expected to work cooperatively in parenting the child and to be flexible in temporary visitation changes or trade-offs. Visitation terms are not able to be fixed to incorporate all of the important affairs in the child's life or the affairs of each parents' family.[1]

Both parents request an award of appellate attorney fees. An award of appellate attorney fees rests within the discretion of this court. *In re Marriage of McDermott*, 827 N.W.2d 671, 687 (Iowa 2013). In exercising this discretion, we

---

[1] Both parents shall keep in mind the child's best interests whether that be a vacation with grandparents, a family birthday party, a wedding, or other important family event.

consider "the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the decision of the trial court on appeal." *In re Marriage of Applegate*, 567 N.W.2d 671, 675 (Iowa Ct. App. 1997). The relative merits of the appeal are also a factor. *McDermott*, 827 N.W.2d at 687. We have considered these several factors and conclude the parties shall pay their own attorney fees.

**AFFIRMED.**